UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE NICOLE DONKERS,

        Plaintiff,

            Case No. 06-CV-13718

vs.

            HON. GEORGE CARAM STEEH

J. GILBERT, et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #7) AND DISMISSING COMPLAINT WITHOUT PREJUDICE

### INTRODUCTION

This is a case brought under 42 U.S.C. § 1983 by plaintiff Catherine Donkers against officers Gilbert and Velasco of the Wayne County Sheriff's Department, alleging false arrest and imprisonment and battery. Defendants have moved for summary judgment, asserting that a pending criminal matter in a state district court bars the instant action. For the reasons that follow, defendants' motion is granted and plaintiff's complaint is dismissed without prejudice.

### BACKGROUND

This case arises from interaction between plaintiff Catherine Donkers and officers Gilbert and Velasco in 2004. Her complaint asserts that "Defendants Gilbert and Velasco, under color and by virtue of their office, and their official position, maliciously, unlawfully, and without reasonable or probable cause, and without warrant or any process of any court, arrested plaintiff, and incarcerated plaintiff in a small interview

room at the Friend of the Court offices situated at 645 Griswold St., in Detroit, Michigan, and kept plaintiff confined there for the space of about one hundred ten (110) minutes." Plaintiff asserts that defendant Gilbert bruised her right bicep in this process. She does not make that allegation against Velasco. Her claims against the deputy sheriffs are under the 4th Amendment and make claims of battery and "false arrest and imprisonment."

Defendants' answer to the complaint states that plaintiff was creating "a public disturbance outside of a courtroom. She refused to obey the direct, lawful orders of police officers and so she was arrested and cited for being a disorderly person. Plaintiff failed to appear for her trial and now there is warrant for her arrest." In the briefing on its motion, defendant describes the circumstances as follows:

> On August 19, 2004, Plaintiff was present at the office of Wayne County Friend of the Court for matters related to her brother's divorce proceedings. (Ex B). Plaintiff was told by Sgt. Gilbert (Defendant) and other officers that she could not take her computer lap top and a power chord (sic) into the courtroom because of court security regulations. (Exhibit D: Court Security Guidelines). She was also instructed by police that pursuant to the referee's orders, third parties were not allowed to enter the courtroom (footnote omitted). Plaintiff refused the officer's continuous requests to remove the prohibited items from the building. She would not comply with any police order and she insisted on entering the courtroom. (Ex B).
>
> Plaintiff began to create a public disturbance in the court hallway. She was given the option of either sitting quietly in the hallway or she would be escorted out of the building. Plaintiff told the Wayne County Deputies, "*If you touch me I will sue you.*" After several attempts to reason with her, Plaintiff was ultimately arrested by Defendant Deputy Velasco for causing a public disturbance. Deputy Velasco asked her to place her hands behind her back but *again* she refused, telling him, "*If you touch me, I will sue you.*" (Ex. B).
>
> Plaintiff was eventually cuffed and escorted out of the building (footnote omitted). (Ex B). She would not identify herself to the officers,

2

nor would she allow them to take her fingerprints. Due to her disruptive conduct, she was issued a misdemeanor ticket for Disorderly Person. (Ex B). Plaintiff failed to appear for her scheduled court date in the 36th District court on August 27, 2004 at 8:30 am. There is an outstanding warrant for her arrest. (Ex A). Plaintiff now brings the instant § 1983 claim against Defendant Sgt. Gilbert and Defendant Deputy Velasco for false arrest/imprisonment and battery.

Defendants' Motion for Summary Judgment, pp.1-2.

Defendants have moved for judgment on all claims presented by plaintiff.

## STANDARD

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences therefrom must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

3

Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

Defendants move for summary judgment as to all counts in the complaint. They assert that plaintiff's entire § 1983 complaint is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1984), because she is "attempting to use a civil suit to collaterally attack a pending criminal charge for which she is a fugitive from justice." Defendants outline the issue, quoting from Heck: "[a] plaintiff does not state a cognizable claim under § 1983 if a ruling on her claim would necessarily imply the invalidity of her conviction and confinement, until the conviction has been reversed on direct appeal, expunged by

4

executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus." Defendant's brief, p. 3. For that reason, defendants state, all claims in the case must be dismissed until the criminal matter is resolved. Defendant states it told plaintiff "early on" about this doctrine, but plaintiff refused, and makes a request for attorney fees and costs in the amount of $3,500 and $10,000 in sanctions.

Defendant makes another similar argument, invoking the "fugitive disentitlement doctrine," which stands for the idea that a fugitive from justice (which defendant states plaintiff is, as a warrant for her arrest is outstanding) cannot "reap the benefit of the judicial process without subjecting himself to an adverse determination." United States v. Hopkinton, 852 F.2d 636, 643 (1988). Finally, defendants request that the court require plaintiff–or another individual acting on her behalf-- to seek leave of court and post a significant bond prior to filing further, "vexatious," lawsuits.[1] Defendants point out

---

[1] Defendants cite to Filipas v. Lemans, 838 F.2d 1145 (6th Cir. 1987) to demonstrate that the 6th Circuit approves of such a limitation. Defendants state that "[i]n determining whether to impose a sanction restricting a litigant's future access to the courts, courts in the Eastern District have adopted a five factor test which considers: (1) The litigant's history of litigation and in particular whether it entails vexatious, harassing or duplicative lawsuits; (2) The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing; (3) Whether the litigant is represented by counsel; (4) Whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel (footnote omitted); and, (5) Whether other sanctions would be adequate to protect the courts and the other parties. Ultimately, the question the Court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. Kersh v. Borden Chemical, 689 F.Supp. 1442, 1450 (E.D. Mich 1988)(adopting the standard applied in Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).

Defendants state this would not be unjust, pointing out that although plaintiff has been successful in Federal Court in achieving IFP status, the state courts have uncovered her contributions to the University of Michigan Engineering School, her alma mater, and

that plaintiff and her husband have filed "at least 14 lawsuits against a variety of defendants including Oakland County's 6th Circuit Court, the Wayne County Circuit Court, and the Wayne County Prosecutors Office, just to name a few," in the last 4 years.

In opposition to this motion, plaintiff points out that the statute of limitations on plaintiff's claims are not tolled pending the resolution of her criminal charges, and will bar her claims if the court grants defendants' motion. She further argues that she has tried to defend the criminal charges, "to the point where she was informed by the 36th District Court in December 2006 that the Criminal Case no longer existed."[2] She contends that limiting her litigation activities would be an abuse of discretion by the court. She also argues that Heck v. Humphrey does not apply here, as it pertains only to cases that implicate the validity of a conviction or sentence, and that she cannot be considered a "fugitive from justice," because she has not been convicted of the underlying charges.

36th District Court records show that a warrant for plaintiff's arrest has been in existence since it was ordered on May 9, 2005. As defendants point out, her actions show she knew about this misdemeanor ticket in March of 2005, when she sent

---

point out that she routinely flies back and forth from Las Vegas to litigate her cases and was driving a newer Chrysler convertible in the "infamous 'breast feeding while driving' case from 2003."

[2] She states she has appeared for arraignment three times–on 8/27/04, 3/28/05, and 4/26/05, and for various reasons she could not be arraigned. The last time, she states she was forcibly removed from the courtroom because her religious beliefs forbade her from standing for any person who is not "her Lord and Savior." She was then not in the courtroom when her name was called and apparently it was then that a bench warrant was issued for plaintiff's arrest.

communication she called a "Demand of a Verified Bill of Particulars" and a "Notice of Mailing Location" to the court.  Exhibit N to defendant's brief.  Furthermore, concerning her assertion about an arraignment, defendants point out that there is no formal arraignment on a U-ticket.  Finally defendants note that she was in 36th District Court for a settlement conference on another case on March 28, 2007, and did not make any attempt to resolve the disorderly person ticket.

     The court will dismiss this case WITHOUT PREJUDICE on the basis articulated in Heck v. Humphrey.  It is clear that plaintiff has been aware of the pending U-ticket, and her plea concerning the statute of limitations is not compelling.  The delay in bringing the § 1983 claim and her delay in dealing with the ticket are only attributable to her own actions.  Furthermore, as agreed on the record by counsel for defendants, the statute of limitations will be tolled to the extent plaintiff is vigorously seeking resolution of the state court matter.  As the 6th Circuit has stated regarding Heck's prohibition on civil claims brought while criminal cases are pending, "'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'"  Shamaeizadeh v. Cunigan, 182 F.3d 391, 397-98 (6th Cir. 1999), quoting Smith v. Holtz, 87 F.3d 108, 113 (3d Cir.), cert denied, 519 U.S. 1041 (1996).  Plaintiff asserts in this § 1983 case that she was arrested for no reason–an allegation certainly at odds with the criminal charges pending in connection with her misdemeanor ticket.  For these reasons, consistent with Heck and Shamaeizadeh, the case will be dismissed without prejudice.

Concerning defendants' requests for sanctions, costs and fees, and some method of limiting the litigation pursued by plaintiff in this forum, the court will decline to grant any such relief at this juncture.

IT IS SO ORDERED.

Dated: May 23, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 23, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---